IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                             )
                                   )    Chapter 7
Larry Dean Heeren                  )
                                   )    Bankruptcy No. 04-04127
     Debtor.                       )

**ORDER RE: MOTION TO AVOID JUDICIAL LIEN AGAINST HOMESTEAD**

This matter came before the Court on March 31, 2005. Debtor Larry Heeren was represented by attorney William Olinger. Creditor Julia Heeren was represented by attorney Stephen Jackson. After hearing evidence and arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K).

**STATEMENT OF THE CASE**

Debtor filed a motion requesting that the Court avoid a judicial lien placed on his homestead through a decree of dissolution. By amendment to the motion, Debtor seeks a determination that the $11,000 dissolution award did not create a lien on his homestead. Creditor, Julia Heeren asserts that the dissolution award is an unavoidable judicial lien. She argues that liens created in dissolution proceedings attach to homesteads and are not avoidable in bankruptcy.

**FINDINGS OF FACT**

On July 1, 2003, Debtor Larry Heeren and Creditor Julia Heeren were divorced by decree of dissolution of marriage filed in Jones County District Court. In setting forth the division of property and debts, the Jones County District Court noted that there was an "exceedingly high danger of inequitable consequences if [it were to] merely divide property and debts and set support obligations." In re Marriage of Heeren, Jones County No. CDDM00906, Findings of Fact, Conclusions of Law and Decree of Dissolution at 9 (Iowa Dist. Ct. July 1, 2003). Specifically, the court was concerned with (1) the significant debt which, not including income tax obligations, totaled $231,218.07; (2) unpaid income tax obligations of between $30,000 and $45,000; and (3) "false equity" in real property "which would be payable as real estate commission." Id.

In order to deal with the large tax burden, the dissolution court ordered that the "parties shall file joint federal and state income tax returns for tax years 2001 and 2002 within 30 days of the filing of this decree." Id. The court also granted "liens in favor of the Iowa Department of Revenue and the Internal Revenue Service for income taxes . . . upon the real estate legally described herein. Said liens shall continue until adequate proof is filed showing payment of these income tax obligations." Id.

The decree provides, in pertinent part, that "Larry is awarded the homestead real estate legally described herein, subject to the income tax liens established . . . herein." Id. at 13 (emphasis added). The decree then states that Debtor bears sole responsibility for the real estate mortgage with Wells Fargo Bank. The decree also provides that, in order to balance the net asset/debt division between the parties, Creditor is awarded a

> cash payment of $11,000, payable by Larry to Julia within thirty days from the date of the filing of this decree. Interest at the rate of 8 percent per annum shall commence to accrue upon said $11,000 obligation ninety days after the filing of this decree. This cash award represents the value of the wedding ring converted by Larry and the difference between the net asset/debt division to the parties after payment of federal and state income tax obligations.

Id.

Debtor filed a Chapter 7 petition on October 22, 2004. Schedule F of Debtor's petition lists Creditor's $11,000 award as an unsecured, non-priority claim. Debtor's petition also sets out his interest in the homestead real estate along with a mortgage obligation to Wells Fargo Bank.

On February 2, 2005, Debtor filed a Motion to Avoid Judicial Lien Against Homestead. See Docket No. 13. The motion requests that the Court avoid the "judicial lien upon Debtor's homestead" created by the dissolution court's $11,000 award in favor of Creditor. Creditor filed an objection to the motion on February 16, 2005. See Docket No. 18. On March 29, 2005, Debtor filed an amendment to his motion which argues in the alternative that Creditor's judgment did not create a lien on his homestead. See Docket No. 26

2

**CONCLUSIONS OF LAW**

Liens from dissolution cases can come in several forms. In re Devore, No. 01-03558, slip op. at 2 (Bankr. N.D. Iowa May 3, 2002) (citing In re Marriage of Hettinga, 574 N.W.2d 920, 923 (Iowa App. 1997)). Under Iowa law, a lien can be a statutory judgment lien, a judicial lien, or both. Devore, No. 01-03558, slip op. at 2. Judgments are automatic liens against real estate owned by the judgment debtor. Id. (citing Slack v. Mullenix, 66 N.W.2d 99, 101 (Iowa 1955); Iowa Code § 624.23(1)). A final, valid and subsisting judgment, by a duly authorized court, for payment of a defined and certain amount constitutes a statutory judgment lien under Iowa Code sec. 624.23(1). Schuling v. Tilley, 454 N.W.2d 899, 900 (Iowa App. 1990). Orders under a decree of dissolution, if sufficiently defined and certain, are considered judgments and attach to real estate as provided by sec. 624.23(1). See Baratta v. Polk County Health Serv. Inc., 588 N.W.2d 107, 108-10 (Iowa 1999) (discussing a Nebraska divorce decree and its attachment to an Iowa debtor's homestead).

The dissolution court is also authorized to secure future performance by imposing liens which are judicial or equitable liens. Hettinga, 574 N.W.2d at 923. A judicial or equitable lien is an "automatic lien on real estate even if the predicate conditions for a judgment lien do not exist." Fed. Land Bank v. Boese, 373 N.W.2d 118, 121 (Iowa 1985). If a judicial lien on real property is created in a final judgment that meets the requirements set forth in Schuling, the lien constitutes "both a statutory judgment lien and a judicial lien under Iowa Law." Devore, No. 01-03-558, slip op. at 2.

Judgment liens "generally cannot attach to property used and occupied as a homestead." Baratta, 588 N.W.2d at 112. While Iowa Code sec. 624.23(1) provides that "judgment liens . . . are liens upon the real estate owned by the defendant . . . from the date of the judgment," the terms of this provision are limited by the homestead exemption provided in sec. 561.16. Baratta, 588 N.W.2d at 110 (citing Lamb v. Shays, 14 Iowa 567, 570 (1863)). Taken together, these two Iowa Code sections prevent a judgment lien from attaching to property designated as a homestead under sec. 561.1. Baratta, 588 N.W.2d at 110.

However, the homestead exemption set forth in Iowa Code sec. 561.21 is not a complete bar to the attachment of all types of judicial and judgment liens. See Iowa Code § 561.16. In addition to the exceptions stated in Iowa Code sec. 561.21 which are not applicable here, sec. 561.16 limits the

3

homestead exemption to situations "where there is a special declaration of statute to the contrary." Iowa Code § 561.16. The Iowa Supreme Court has long recognized that Iowa Code sec. 598.21, the statute which grants Iowa courts the power to make an equitable distribution of property in a divorce proceeding, is a "special declaration of statute" which makes the homestead laws ineffective to bar judicial sale or other disposition. In re Reinders, 138 B.R. 937, 942 (Bankr. N.D. Iowa 1992).

Section 522(f)(1) of the Bankruptcy Code permits the debtor to avoid certain liens which impair a debtor's exemptions. It provides that

> notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is . . . a judicial lien.

11 U.S.C. § 522(f)(1). Under the Bankruptcy Code, a judicial lien is defined as a lien "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). Neither the homestead exemption nor § 522(f)(1) lien avoidance can defeat the exception created by Iowa Code sec. 598.21 which allows dissolution courts to place judicial liens upon, and order the sale of, a debtor's homestead. See Reinders, 138 B.R. at 942.

**ANALYSIS**

It is first necessary to determine what type of lien, if any, was imposed upon Debtor's property by the dissolution court's $11,000 award in the divorce decree. The divorce decree clearly establishes a judicial lien against Debtor's homestead for unpaid state and federal income tax. The language in the decree that Debtor shall be "awarded the homestead real estate legally described herein, subject to the income tax liens established . . . herein" is clear and unambiguous. There is no similar language regarding the $11,000 award. It appears as though the dissolution court may have intentionally crafted the $11,000 award to avoid the creation of a judicial lien. Additionally, there is no authority which suggests that a judicial lien can be created through silence; some sort of affirmative statement similar to the one made by the dissolution court in connection with the tax obligations is necessary.

4

The $11,000 award, however, is sufficiently defined and certain to constitute a judgment under Iowa Code sec. 624.23(1). The award is for a finite, liquidated sum that was due upon the entry of the dissolution decree. Pursuant to Iowa Code sec. 624.23(1), this $11,000 judgment automatically attaches to all of Debtor's non-exempt real property located in Jones County. However, this judgment does not create a lien on Debtor's homestead as it does not constitute a judicial lien created under a "special declaration of statute."

The "special declaration of statute" exception for Iowa Code sec. 598.21 allows dissolution courts to order the sale or "other disposition" of homestead property. Under Iowa law, "other disposition" includes the creation of a judicial lien. Here, the dissolution court exercised this power and ordered judicial liens on Debtor's homestead for the unpaid state and federal income tax debts. It did not similarly order that the $11,000 judgment would be a lien on the homestead real estate. Therefore, Debtor's homestead is exempt from the automatic attachment of the $11,000 judgment lien.

Since it has been determined that the $11,000 dissolution judgment did not create a lien on Debtor's homestead, it is not necessary to discuss § 522(f) lien avoidance.

**WHEREFORE**, Debtor Larry Heeren's Motion and Amended Motion to Avoid Creditor's Judicial Lien are DENIED.

**FURTHER**, Debtor's motion for determination that Creditor Julia Heeren's $11,000 judgment is not a lien on Debtor's homestead is GRANTED.

**FURTHER**, judgment shall enter accordingly.

**Dated and Entered** April 10, 2005

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

5